UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 16-CR-10182-DPW |
| TANYA B. KENNEY, | |
| Defendants | |

**ORDER ON DEFENDANT'S RENEWED MOTION FOR A BILL OF PARTICULARS**
**(Dkt. No. 48)**

December 2, 2016

CABELL, U.S.M.J.

Defendant Tanya B. Kenney is presently under indictment for violation of 18 U.S.C. § 111(a), and has filed a renewed motion for a bill of particulars (Dkt. No. 48).  After careful consideration of her motion and the government's opposition, and the additional information adduced at a court hearing on November 22, 2016, the motion is denied.  Arguably, the indictment by itself provides sufficient information to allow the defendant to understand the charge against her and to adequately prepare a defense.  However, when the indictment is viewed in conjunction with additional information that has been provided to the defendant, including the underlying complaint affidavit, and information provided by the government in open court identifying the conduct alleged to constitute a violation of the statute, I find that the defendant has ample information to allow her to understand and defend against the charged offense.

## I.   BACKGROUND

This case began by way of a complaint filed on June 2, 2016.  (Dkt. No. 1).  An affidavit attached to the complaint states that on May 10, 2016, several Deputy United States Marshals went to a residence in Lowell, Massachusetts to execute a search warrant.  The defendant allegedly refused to allow the Deputy Marshals into the home, blocked their progress after they breached the door, and grabbed Deputy Marshal Barton's arm when he attempted to move her, among other things.  (Dkt. No. 1-1).

On June 16, 2016, the grand jury returned a one count indictment that states, in its entirety:

> On or about May 10, at Lowell, in the District of Massachusetts, Tanya B. Kenney, defendant herein, intentionally did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in 18 U.S.C. § 1114, that is, a Deputy United States Marshal, while said person was engaged in and on account of the performance of his official duties, and such acts involved physical contact with the victim of that assault.  All in violation of Title 18, United States Code, Section 111(a).

(Dkt. No. 12).  The defendant seeks an order requiring the government to specify (1) which of the six verbs in section 111(a) applies to her alleged conduct; (2) the specific acts she is alleged to have committed; (3) which verb applies to each of those acts; and (4) the identity of the Marshal alleged to be the victim of each of those acts.  (Dkt. No. 48).  At the hearing on the motion the defendant stated she would be satisfied if the requested bill of particulars identified the victim of the crime, and the specific conduct alleged to constitute the crime.  In response, the government identified the Deputy Marshal it alleges to be the victim of the defendant's acts, and specified that the acts at issue include all of the conduct set out in Paragraphs 5 through 9 of the criminal complaint affidavit.

## II.    DISCUSSION

A bill of particulars is not a discovery tool and it should not be used to obtain disclosure of "evidence, witnesses to be offered at trial, or the government's legal theories." *United States v. Stryker Biotech, LLC*, No. 09-10330-GAO, 2010 WL 2900684, *3 (D. Mass. Jul. 21, 2010) (citing *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985)).  Rather, its purpose "is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *Id.* (citing *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989)).  A motion for a bill of particulars should be granted only where "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Unites States v. DeNunzio*, No. 14–10284–NMG, 2015 WL 3454714, at *1 (D. Mass. May 29, 2015) (citing *United States v. Chalmers*, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006)).

Courts deciding requests for bills of particulars thus consider factors such as the complexity of the charges facing a defendant, the amount of detail in the indictment, the nature of the discovery already provided to the defendants, and whether the information sought relates to matters the government will have to prove at trial.  *Stryker Biotech, LLC*, 2010 WL 2900684 at *3; *United States v. Salemme*, No. 94-10287, 1997 WL 37530 (D. Mass. Jan. 13, 1997) (granting motion in part because of complexity of allegations); *United States v. Hsia*, 24 F. Supp. 2d 14, 31 (D.D.C. 1998) (denying portion of motion seeking disclosure of all overt acts committed in furtherance of conspiracy because the government does not have the burden at trial of proving all overt acts).  A defendant has the burden of showing that further disclosures are needed to prevent prejudicial surprise, or to allow a meaningful opportunity to defend the action. *Stryker Biotech, LLC*, 2010 WL 2900684 at *4 (citing *United States v. Rogers*, 617 F. Supp.

1024, 1027 (D. Colo. 1985)).  The question for the Court, therefore, "is not whether the information sought would be beneficial to the defendant, but whether it is ***necessary*** for his defense."  *United States v. Blumberg*, No. 97-cr-119 (EBB), 1998 WL 136174, *3 (D. Conn. Mar. 11, 1998) (emphasis added).

The indictment in this case specifies a date and location, and lists "a Deputy United States Marshal" as the subject of the defendant's conduct, but otherwise tracks the language of 18 U.S.C. § 111(a), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with federal officers and employees in the performance of their duties.  (Dkt. No. 12).  Although the First Circuit held in *United States v. Tomasetta*, 429 F.2d 978 (1970), that an indictment which, like this one, merely alleged the date of the criminal conduct and otherwise tracked the language of the statute, was insufficient to allow the defendant to prepare adequately for trial, it reaffirmed also that "what is a fair description of a crime for purposes of permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved."  *Tomasetta*, 429 F.2d at 979.  In *Tomasetta*, tracking the language of a criminal statute prohibiting the collection of debts by extortionate means was deemed insufficient because the indictment alleged only that the defendant made "threats by an unstated means to an unnamed person on a particular day in a city of moderate size [Worcester]," and the victim thus could have been anyone whom the defendant came in contact with on the day in question, and the crime could have been any of the defendant's "words, looks [or] gestures."  *Id*. at 981.  In contrast, in this case, the indictment specifically refers to the victim as a "Deputy United States Marshal" and that fact, coupled with the date, location and the language of the relevant statute helps to place the charged conduct in context

4

and dramatically limits the universe of events to the defendant's interactions with the Marshal Service at a Lowell residence on May 10, 2016.

If there were still any ambiguity, the government at the hearing identified who among the Deputy Marshals present that day was the subject of the defendant's conduct.  The government also specified that the defendant's alleged conduct included the conduct set out at Paragraphs 5-9 of the criminal complaint affidavit, thus effectively providing the defendant with a summary of her alleged conduct in narrative, prose form.  Finally, the government stated that it will take the position that the defendant's conduct described in those paragraphs violates each of the six verbs set out in the criminal statute.  The defendant appeared to agree at the hearing that all of this information taken as a whole would be sufficient to permit her to understand the charge and prepare a defense.  While additional information regarding the theory of prosecution would undoubtedly be desirable, *e.g.,* a list isolating each specific act during the sequence of events and stating whether that act constituted an assault, or opposition, or resistance, *etc.,* it is not required.

### III.    CONCLUSION

For the foregoing reasons, the renewed motion for bill of particulars is denied.


/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  December 2, 2016